IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JUSTIN N. POCRNICH, #S10629,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**JEREMY HAYCRAFT,** )<br>**DUSTIN LEVITT,** )<br>**GARRETT FINN,** )<br>**DEBORAH ROGERS,** )<br>**NEWTON CITY POLICE** )<br>**DEPARTMENT,** )<br>**K. WELLING,** )<br>**CHAD BERG,** )<br>**JOHN DOE #1, and** )<br>**UNKNOWN PARTY,** )<br>)<br>**Defendants.** ) | Case No. 21-cv-01356-JPG |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Justin Pocrnich, an inmate in the Illinois Department of Corrections ("IDOC") who is currently incarcerated in Graham Correctional Center, brings this action pursuant to 42 U.S.C. § 1983. (Doc. 1, pp. 1-24). In the Complaint, Plaintiff asserts claims against Newton City Police Department and its officers for his unlawful arrest and detention on August 17, 2020, and he brings claims against Jasper County officials and third-party medical providers for denying him treatment for a left foot injury at Jasper County Jail from August 17-20, 2020.

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires it to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from an immune defendant must be

1

dismissed. 28 U.S.C. § 1915A(b). The factual allegations of the *pro se* complaint are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Before the Court screens the Complaint, however, it must first determinate whether any claims are improperly joined in this action and subject to severance. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## The Complaint

According to the allegations, Complainant Deborah Rogers contacted the Newton City police and reported that Plaintiff threatened her with a knife on August 17, 2020. Newton City Police Officers Jeremy Haycraft and Dustin Levitt and Jasper County Sheriff's Deputy Garrett Finn reported to the scene and found Plaintiff arguing with two women. Although they found no evidence of a knife, the officers arrested Plaintiff on charges of aggravated assault. Plaintiff claims he was the victim of malicious prosecution by Rogers and malicious prosecution and unlawful arrest and detention by Newton City / Police Department, Officer Haycraft, and Officer Levitt.[1]

Plaintiff was held in Jasper County Jail for three days. While there, he requested treatment for a bleeding and swollen left foot. Deputy Finn and Jailer Welling observed the injury and summoned EMT Chad Berg to treat it. However, they ultimately refused to treat his foot when they learned that Plaintiff sustained the injury prior to his detention. As a result, Plaintiff's foot continued to bleed for fourteen hours. Plaintiff brings claims of inadequate medical care against Deputy Finn, Jailer Welling, EMT Berg, John Doe 1 (Berg's employer), and Abbott Medical / EMT Services.

---

[1] Plaintiff does not name Jasper County Sheriff's Deputy Garrett Finn in connection with these claims. He names Finn in connection with his claim of inadequate medical care.

Based on the allegations, the Court finds it appropriate to designate the following claims in the *pro se* Complaint:

**Count 1:**   Malicious prosecution claim against Complainant Deborah Rogers for reporting that Plaintiff threatened her with a knife on August 17, 2020;

**Count 2**:   Malicious prosecution claim against Newton City Officers Haycraft and Levitt for arresting Plaintiff and charging him with aggravated assault without evidence or probable cause on August 17, 2020;

**Count 3**:   Unlawful arrest and detention claim against Newton City Officers Haycraft and Levitt for arresting Plaintiff and detaining him without probable cause on August 17, 2020;

**Count 4:**   Equal protection claim against Newton City Officers Haycraft and Levitt for the arrest and detention of Plaintiff on August 17, 2020;

**Count 5:**   *Monell* claim against Newton City / Police Department for the incident that occurred on August 17, 2020;

**Count 6:**   Denial of medical care claim against Jasper County Sheriff's Deputy Finn, Jailer Welling, and EMT Berg for denying Plaintiff medical care for his left foot injury from August 17-20, 2020;

**Count 7:**   Failure to train, supervise, or discipline claim against Jasper County, John Doe 1 (Berg's employer) and Abbott Medical / EMT Service arising from Deputy Finn, Jailer Welling, and EMT Berg's failure to treat Plaintiff's foot injury on August 17-20, 2020.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

### Severance

### Counts 1 through 5

Plaintiff's claims can be divided into two distinct groups: Counts 1, 2, 3, 4, and 5 arising from his arrest by Newton City / Police Department and officers on August 17, 2020, and Counts 6 and 7 arising from his inadequate medical care at Jackson County Jail from August 17-20, 2020. These two groups of claims involve distinct groups of defendants, separate occurrences, few common questions of fact, and different legal theories. As such, they cannot proceed together in the same suit. *See* FED. R. CIV. P. 18, 20(a)(2). District courts must apply Rule 20 of the Federal Rules of Civil Procedure to prevent improperly joined parties from proceeding together in the same case. *George*, 507 F.3d at 607. Rule 21 of the Federal Rules of Civil Procedure grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

Plaintiff's arrest claims in Counts 1 through 5 against Deborah Rogers, Newton City / Police Department, and its officers cannot proceed together with his claim for denial of medical care in Counts 6 and 7 against Jasper County officials and third-party medical providers. Accordingly, Counts 1 through 5 shall be severed into a separate suit, assigned a new case number, and assessed an additional filing fee of $402.00. If Plaintiff chooses to proceed with the severed case, the Court will screen Counts 1 through 5 under 28 U.S.C. § 1915A. If he files timely written notice of his intent to voluntarily dismiss the severed case, the court will close the severed case without assessing a filing fee for it.

## Section 1915A Review

### Count 6

Count 6 shall remain in this action and is now subject to preliminary review under 28 U.S.C. § 1915A.  The applicable legal standard for the claim depends on Plaintiff's legal status when the claim arose.  If he was an arrestee, Plaintiff's rights derive from the Fourth Amendment.  *Currie v. Chhabra*, 728 F.3d 626, 631 (7th Cir. 2013).  The issue is whether the state actor's "response to [the arrestee]'s medical needs was objectively unreasonable" and "caused the harm of which [the arrestee] complains." *Id*.  If he was a pretrial detainee, the Fourteenth Amendment Due Process Clause governs his claim and also applies an "objective unreasonableness" standard.  *Miranda v. County f Lake*, 900 F.3d 335 (7th Cir. 2018).  In the Fourteenth Amendment context, the Court first considers whether the state actors "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [Plaintiff's] case." *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted).  The Court also asks "whether the challenged conduct was objectively reasonable" based on "the totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care." *Id*.  The allegations suggest that Finn, Welling, and Berg acted in an objectively unreasonable manner under both standards, when they refused to treat Plaintiff's bleeding and swollen left foot at the Jail from August 17-20, 2020.

With that said, Section 1983 only authorizes claims against persons acting under color of state law who violate a citizen's or other person's rights, privileges, or immunities under the Constitution and laws.  *See* 42 U.S.C. § 1983.  The "state actor" predicate to Section 1983 liability must be satisfied for this claim to proceed against each defendant.  Deputy Finn and Jailer Welling qualify as state actors.

Whether EMT Berg was operating as a state or private actor is less clear. He was allegedly employed by Abbott Medical / EMT Services at the time he refused Plaintiff's plea for medical attention. The Supreme Court and Seventh Circuit Court of Appeals have identified numerous situations in which private conduct takes on the color of state law. *See, e.g., Listecki v. Official Committee of Unsecured Creditors*, 780 F.3d 731, 738 (7th Cir. 2015); *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d at 823-24. Courts employ different tests to analyze this issue. *See id.* (describing the "state command and encouragement test," "joint participation doctrine," and public function test"). Each test is fact- and case-specific. However, "[a]t its most basic level, the state action doctrine requires that a court find such a 'close nexus between the State and the challenged action' that the challenged action 'may be fairly treated as that of the State itself.'" *Rodriguez*, 577 F.3d at 823 (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). At this early stage, the Court simply notes the issue of whether Berg is a private or state actor, but saves this issue for another day and a more complete record. Count 6 shall proceed against Finn, Welling, and Berg.

### Count 7

Count 7 is a claim against John Doe 1 (Berg's employer), Abbott Medical / EMT Service, and Jasper County for inadequate training, supervision, and discipline of its staff. However, Plaintiff offers only conclusory allegations and threadbare assertions in support of this claim. This, alone, provides grounds for dismissal of the claim.

Moreover, he seeks to hold the employers of Berg, Finn, and Welling liable for the misconduct of its employees when *respondeat superior* liability is not recognized under Section 1983. *Flores v. City of South Bend*, 997 F.3d 725, 731 (7th Cir. 2021); *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). Plaintiff must point to the execution of a government

policy or custom that caused a constitutional violation to occur. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). He identifies no such policy or custom attributable to the county or Berg's employer.

Plaintiff instead vaguely refers to each defendant's failure to train, supervise, and discipline its staff. In this context, the defendant's conduct must rise to the level of deliberate indifference, such as when a municipality follows a training program "that they know or should know has failed to prevent tortious conduct by employees" thereby demonstrating deliberate indifference to a known risk. *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397 (1997); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390-91 (1989). Plaintiff does not suggest that any particular defendant's failure to train, supervisor, or discipline Berg, Finn, and/or Welling amounted to deliberate indifference. He does not describe a pattern of constitutional deprivations or even a single deprivation that was likely to recur in the absence of additional training. Given this, Count 7 cannot proceed against the defendants and shall be dismissed without prejudice.

### Pending Motions

Plaintiff's Motion for Recruitment of Counsel (Doc. 15) and Supplement (Doc. 18) are **DENIED**. When the Court is presented with a request for counsel by an indigent litigant, it must first consider whether the plaintiff has made reasonable attempts to secure counsel on his own, and, if so, whether the difficulty of the case, both factually and legally, exceeds his capacity as a layperson to present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). Plaintiff offers no reason for requesting counsel in his motion and supplement. He simply states that he sent letters to three law firms or attorneys, who did not respond to his requests for representation. However, Plaintiff mailed these letters on May 5, 2022, a week *after* filing his motion (Doc. 15) and two weeks *before* filing his supplement (Doc. 18).

Under the circumstances, the Court finds that he has not demonstrated reasonable efforts to locate an attorney *before or after* filing his motion. He should wait at least thirty days to hear from the law firms and/or attorneys he contacted before renewing his request for counsel. In addition, he should explain why he is unable to represent himself in this matter. His motion and supplement do not speak to this issue. Meanwhile, Plaintiff has competently represented himself to date, by preparing and filing a complaint and related motions in a timely, efficient, and effective manner. His motion is thus **DENIED without prejudice**.

## Disposition

**IT IS ORDERED** that **COUNTS 1, 2, 3, 4,** and **5** against **DEBORAH ROGERS, JEREMY HAYCRAFT, DUSTIN LEVITT,** and/or **NEWPORT CITY / POLICE DEPARTMENT** are **SEVERED** into a new case, which shall be captioned: **JUSTIN POCRNICH, Plaintiff vs. DEBORAH ROGERS, JEREMY HAYCRAFT, DUSTIN LEVITT,** and/or **NEWPORT CITY / POLICE DEPARTMENT, Defendants.**

The Clerk is **DIRECTED** to file the following documents in the newly-severed case:

1) The Complaint (Doc. 1);
2) Motion for Leave to Proceed *in forma pauperis* (Doc. 2);
3) Order Granting Motion for Leave to Proceed *in forma pauperis* (Doc. 8)
4) This Memorandum and Order Severing Case.

**IT IS ORDERED** that Defendants **DEBORAH ROGERS, JEREMY HAYCRAFT, DUSTIN LEVITT,** and/or **NEWPORT CITY / POLICE DEPARTMENT** are **DISMISSED** with prejudice from this action, and the Clerk of Court is **DIRECTED** to **TERMINATE** these defendants as parties to *this action* in CM/ECF.

The **only claims remaining in this action** are **COUNTS 6** and **7**. However, only **COUNT 6** survives screening against **GARRETT FINN, K. WELLING,** and **CHAD BERG**.

The Clerk of Court is **DIRECTED** to modify the case caption as follows: **JUSTIN POCRNICH, Plaintiff vs. GARRETT FINN, K. WELLING,** and **CHAD BERG, Defendants.**

**IT IS ORDERED** that **COUNT 7** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted against Defendants **JASPER COUNTY, JOHN DOE #1 (Berg's employer),** and **ABBOTT MEDICAL / EMT SERVICE (Unknown Defendant)**, and the Clerk's Office is **DIRECTED** to **TERMINATE** the **JASPER COUNTY, JOHN DOE #1 (Berg's employer),** and **ABBOTT MEDICAL / EMT SERVICE (Unknown Defendant)** as defendants in CM/ECF.

With respect to **COUNT 6**, the Clerk is **DIRECTED** to prepare for Defendants **GARRETT FINN, K. WELLING,** and **CHAD BERG**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk should mail these forms and a copy of the Complaint (Doc. 1) and this Memorandum and Order Severing Case to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 6/2/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**